

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| STEPHEN LEIGH LOSE, § <br> Petitioner, § <br> § <br> v. § <br> § <br> RICK THALER, Director, § <br> Texas Department of Criminal Justice, § <br> Correctional Institutions Division, § <br> Respondent. § | Civil Action No. 4:10-CV-397-Y |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Stephen Leigh Lose, TDCJ-ID # 574351, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Rosharon, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

## C. Factual and Procedural History

On November 16, 1990, Lose was convicted and sentenced to fifteen years' confinement for burglary of a vehicle in the Criminal District Court of Tarrant County, Texas, Case No. 0422252W. (Pet. at 2) Lose has since been released on parole on two occasions. (Resp't Answer, App. B) He was first released on November 13, 1992, and his parole was subsequently revoked on October 4, 2002. While on release, Lose was convicted and sentenced to four years' confinement for burglary of a building in Case No. 0858616D, also in Tarrant County, the sentence to run concurrently with his fifteen-year sentence. (Resp't Answer, App. A) Lose was next released on February 10, 2006, and his parole was subsequently revoked on January 27, 2009. After each revocation, his prior earned good time was forfeited, and he was ineligible for street time because he did not meet the midpoint calculation dates. TEX. GOV'T CODE ANN. §§ 498.004(b), 508.283(c) (Vernon 2004 & Supp. 2009). Lose's four-year sentence was discharged on September 5, 2006. He continues to serve his fifteen-year sentence, with a projected mandatory supervision release date of November 18, 2011, and a maximum expiration date of May 13, 2016. (Resp't Answer, App. B)

Lose complains that he is confined on a sentence that should have been discharged on October 22, 2005, exactly fifteen years after the sentence begin date, October 22, 1990. (Pet. at 7-8) Lose pursued administrative time credit dispute resolution to no avail. *Id.* § 501.0081 (Vernon 2004). He also filed a state habeas application raising his time-credit claim on October 19, 2009, which remains pending at this time. (Resp't Answer, App. C) Lose filed this federal habeas petition on June 2, 2010. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

D. RULE 5 STATEMENT

Thaler contends that Lose has failed to exhaust his claims as required by 28 U.S.C. § 2254(b) and (c), or, in the alternative, that his petition is time-barred. (Resp't Answer at 3-6)

E. EXHAUSTION

Applicant's seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1), (c)[1]; *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the state's highest court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-45 (1999); *Richardson v. Procunier*, 762 F.2d 429, 430 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). This requires that the state court be given a fair opportunity to pass on the claim, which in turn requires that the petitioner present his claim in a

---

[1] The terms of 28 U.S.C. § 2254(b) and (c) provide in pertinent part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

procedurally proper manner according to the rules of the state courts. *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

A Texas prisoner challenging the failure to be awarded time credits toward his sentence may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claim to the Texas Court of Criminal Appeals in a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2009); *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Procunier*, 762 F.2d at 432. *See also Ex Parte Bates*, 978 S.W.2d 575, 576-77 (Tex. Crim. App. 1998). Moreover, before seeking relief under article 11.07, Texas inmates are generally required to first pursue time-credit complaints through a dispute resolution process within the prison system. *See* TEX. GOV'T CODE ANN. § 501.0081 (Vernon 2004).

Although Lose has availed himself of the administrative review process set forth in § 501.0081, his state habeas application remains pending in the state trial court at this time. To satisfy the exhaustion requirement, Lose must first conclude his state court remedies. *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Absent a showing that state remedies are inadequate, such showing not having been demonstrated by Lose, he cannot now proceed in this court in habeas corpus. *See* 28 U.S.C. §2254; *Fuller v. Florida*, 473 F.2d 1383, 1384 (5th Cir. 1973); *Frazier v. Jones*, 466 F.2d 505, 506 (5th Cir. 1972). Accordingly, dismissal of this federal habeas corpus proceeding for lack of exhaustion is warranted so that Lose can fully exhaust his state remedies and then return to this court, if he so desires, after exhaustion has been properly and fully accomplished.

## II. RECOMMENDATION

It is recommended that Lose's petition for writ of habeas corpus be dismissed without prejudice, except as to any application of the federal statute of limitations or other federal procedural bar that may apply.[2]

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 9, 2010. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[2]The issue of limitations is not addressed in these findings due to the recommended disposition. *See* 28 U.S.C. § 2244(d) (imposing a one-year statute of limitations for filing a federal petition from the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence).

5

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until September 9, 2010, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August __23rd__, 2010.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE